Daniel L. Rottinghaus, SBN 131949
  drottinghaus@berdingweil.com
Fredrick A. Hagen, SBN 196220
  fhagen@berdingweil.com
BERDING & WEIL LLP
2175 N. California Blvd, Suite 500
Walnut Creek, California 94596
925/838-2090 (tel.) / 925/820-5592 (fax)

David M. Birka-White, SBN 85721
  dbw@birka-white.com
Robert S. Robinson SBN 131461
  rob@robrobinsonlaw.com
BIRKA-WHITE LAW OFFICES
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999 (tel.) / (925) 362-9970 (fax)

John D. Green, SBN 121498
  jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
(415) 954-4400 (tel.) / (415) 954-4480 (fax)

Attorneys for Plaintiff REJOICE! COFFEE COMPANY, LLC,
a California limited liability company, on behalf of itself
and all others similarly situated

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJOICE! COFFEE COMPANY, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC., a Delaware corporation; SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation;<br><br>        Defendants.<br>_____/ | Case No. 3:20-cv-6789<br><br>**COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND VIOLATION OF THE UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

**INTRODUCTION**

1.      Plaintiff Rejoice! Coffee Company, LLC, ("Rejoice!") seeks to remedy defendants' unfair business practice of unjustly profiting from the COVID-19 pandemic by collecting and/or retaining excessive, unfair premiums in violation of California's inherent public policy limiting insurers to a fair rate of return.

2.      Beginning in March 2020, California health authorities began to enforce strict social distancing measures in an effort to slow the spread of COVID-19, including the closing of nonessential businesses and strict shelter-in-place orders that prevented most people from leaving their homes for extended periods of time. The negative effects of the pandemic on the business operations of Rejoice! and other insured businesses has been severe and protracted.

3.      While many industries and companies have been decimated by the COVID-19 pandemic, commercial property and casualty insurers like The Hartford Financial Services Group, Inc. and its wholly-owned subsidiary Sentinel Insurance Company, Ltd. (collectively "The Hartford") have experienced a windfall. The Hartford's premiums are calculated based on the risks associated with type, volume, and location of certain business operations. As a result of the substantial reduction or elimination of business operations beginning in March 2020, the premiums charged by The Hartford are well in excess of a fair rate of return.

4.      Despite full knowledge of these circumstances, The Hartford has continued to collect excessive premiums and failed to issue appropriate refunds. The Hartford has withheld its policyholders' excessive, unfair premiums, taking advantage of the reduction in the insured risk to reduce reserves, invest the excess funds, and otherwise unfairly profit from its policyholders' misfortunes.

5.      Rejoice!, on behalf of itself and others similarly situated, seeks to remedy The Hartford's unfair business practices under California's unlawful competition law through disgorgement, restitution and constructive trust as to the excessive, unfair premiums, along with injunctive and other available relief.

## PARTIES

6.      Plaintiff Rejoice! Coffee Company, LLC, ("Rejoice!") is, and at all relevant times described herein was, a California limited liability company, doing business in Contra Costa County, California, as Big House Beans, with its principal place of business at Antioch, California. Prior to the shelter in place orders, Rejoice! conducted business at certain insured commercial premises, including roasting coffee beans for retail and wholesale and operating coffee shops.

7.      The Hartford Financial Services Group, Inc. ("The Hartford") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Hartford Plaza, Hartford, Connecticut. Defendant Sentinel Insurance Company, Ltd., ("Sentinel") is a corporation organized and existing under the laws of the State of Connecticut, with its principal executive offices located at One Hartford Plaza, Hartford, Connecticut. The Hartford and Sentinel are sometimes collectively referred to herein as "The Hartford." At all relevant times, The Hartford was engaged in the business of marketing and selling insurance products in California and other states.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. §1332 and the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because: (i) the class has more than 100 members; (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) minimal diversity exists because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9.      This Court has personal jurisdiction over The Hartford and Sentinel because they were both: (i) authorized to, and have, conducted business in California; (ii) specifically marketed insurance products in California so as to constitute sufficient minimum contacts; and/or (iii) have sufficiently availed

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

themselves of the California markets through promotion, marketing, and sales of insurance products in this State to render the exercise of jurisdiction by this Court permissible.

10.    Venue is proper under 28 U.S.C. §1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## INTRADISTRICT ASSIGNMENT

11.    Assignment to the San Francisco Division or Oakland Division would be proper because Plaintiff's insured business premises are located in Contra Costa County, California, along with one additional business operation planned for Alameda County, California.

## PRELIMINARY ALLEGATIONS

12.    In December 2019, several cases of an unknown viral pneumonia were detected in Wuhan, China. In January 2020, the cause was identified as a novel virus, SARS-Co-V-2 ("COVID-19"). As COVID-19 began to spread worldwide, California declared a state of emergency on March 4, 2020. On March 11, 2020, the World Health Organization declared the deadly COVID-19 outbreak a pandemic.[1] On March 16, 2020, the Center for Disease Control and national Coronavirus Task Force issued guidance for arresting the spread of COVID-19 titled "30 Days to Slow the Spread," promoting the adoption of unprecedented social distancing measures.[2]

13.    On March 19, 2020, California health authorities issued statewide shelter-in-place orders, directing California residents to stay at home and avoid

---

[1]    See https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020

[2]    See https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf

**BERDING & WEIL LLP**
2175 N California Blvd. Suite 500
Walnut Creek, California 94596

-4-

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

public places except essential services. These unprecedented health orders resulted in the closing or substantial reduction in operations of numerous California businesses throughout the state, including restaurants and other food service locations. Those orders have been revised, extended, and modified as the virus continues to spread, and the devastation of California business operations has grown contemporaneously. As of September 24, 2020, California has identified nearly 800,000 cases and 16,000 deaths from COVID-19.

14.    The Hartford is aware that the shelter-in-place orders, social distancing guidelines, and resulting reduction in business activity has substantially reduced or eliminated insured business operations through California. For example, in touting its "COVID-19 Personal Auto Payback Plan," The Hartford stated its understanding "that the pandemic affects so many aspects of day-to-day life . . . ."[3] But The Hartford continued to collect and retain excessive and unfair premiums paid by Rejoice! and other similarly situated businesses.

15.    The Hartford is also aware that when California property and casualty premiums were calculated, The Hartford did not incorporate or contemplate that the majority of insured businesses would cease to operate or that their operations would be severely reduced. Rejoice! and other similarly situated businesses have paid premiums to insure against the risks associated with pre-COVID-19 business operations, even after the insured business operations have ceased or been substantially reduced. This has resulted in The Hartford collecting and retaining excessive, unfair premiums in violation of California public policy.

16.    Like so many other California businesses, Plaintiff's insured operations have been substantially reduced or eliminated by COVID-19 and concomitant government mandates and guidelines. Prior to March 2020, Rejoice! sold coffee to large employers throughout the Bay Area, wholesaled coffee to

---

[3] https://www.thehartford.com/coronavirus/individuals

BERDING & WEIL LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

1   others for resale, and operated one coffee shop in Brentwood, California, and a

2   second coffee shop in Walnut Creek, California, which is located in an office

3   building amenity space catered to building tenants and their guests.

4        17.   By March 2020, business activity began to decrease dramatically as a

5   result of the COVID-19 pandemic. And after California's March 19, 2020, shelter-

6   in-place order, Rejoice! could no longer operate in any location. Wholesalers and

7   Bay Area employers who had previously purchased coffee for employees,

8   including large technology companies, canceled orders because employees were no

9   longer working from offices. The Walnut Creek (office building) coffee shop is still

10  closed as of September 24, 2020, because the majority of office employees are still

11  working from home. The Brentwood coffee shop was eventually allowed to reopen

12  with curbside service only, resulting in plummeting receipts. As a result, Rejoice!

13  has substantially reduced the number of employees and experienced dramatically

14  reduced sales and operations that will continue into the foreseeable future.

15       18.   The Hartford, through wholly owned and controlled subsidiaries like

16  Sentinel, provides commercial property and casualty insurance, insuring against

17  certain property and businesses risks of California businesses and their respective

18  operations at certain commercial premises. The Hartford sets premiums based on

19  the various anticipated risks associated with the insured business operations and

20  location of the insured premises. The Hartford uses various factors in calculating

21  premiums for commercial property and casualty insurance, including the volume

22  and type of business giving rise to the expected risks, the number of customers that

23  frequent the business, the type of work employees conduct at the premises, and the

24  character of adjacent businesses and premises. And The Hartford requires

25  policyholders, like Plaintiff, to provide detailed information regarding its past and

26  expected business operations and income, swearing to the accuracy of the

27  information under the penalty of perjury. According to The Hartford, it requires

28  accurate information to set and maintain premiums at the appropriate rates.

19.    Plaintiff purchased business risk insurance from The Hartford to insure its various commercial properties and business operations on those commercial properties, including Commercial General Liability insurance ("CGL).

20.    The premium rates charged to Plaintiff and other businesses were set prior to the COVID-19 pandemic, associated shelter-in-place orders, and the resulting effect on business operations. Just as with Plaintiff, many insured businesses can no longer operate or were forced to substantially reduce their operations from March 2020 through the filing of this complaint.

21.    California has a long-standing general public policy limiting insurance premiums and rates to a fair rate of return on the risk covered by the policy. (See, e.g., 10 Cal. Code Reg. § 2644.16 [rate of return].) The fair rate of return policy limits insurance premiums to an amount: (1) commensurate with returns on investments in other enterprises having corresponding risks; and (2) sufficient to attract capital and maintain credit. Given the elimination and/or substantial reduction in business operations, the risks insured under The Hartford's policies have been substantially reduced or eliminated. Nevertheless, after COVID-19 orders, The Hartford continued to charge and retain premiums calculated based on the volume of pre-COVID-19 business operations and associated risks. This has resulted in The Hartford charging and retaining premiums substantially in excess of a fair rate of return for the given risk, resulting in a windfall of excessive, unfair premiums that violates California public policy.

22.    The Hartford is the twelfth largest property and casualty insurance conglomerate in the country, writing policies generating over $11.5 billion in net premiums in 2018.[4] By market capitalization, The Hartford is the twelfth largest U.S. Insurance Company, with a "market cap" of $21.584 billion. The Hartford is so large that even during the current worldwide health and economic crisis, it is

---

[4] https://www.reinsurancene.ws/top-100-u-s-property-casualty-insurance-companies/

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

BERDING & WEIL LLP
2175 N California Blvd Suite 500
Walnut Creek, California 94596

faring well. As recently reported, The Hartford's Second Quarter 2020 net income available to its common stockholders increased 24 percent (24%) from the second quarter 2019.[5] Sentinel, The Hartford subsidiary through which it issued the relevant policy, reported Second Quarter "net underwriting gain" increased nearly 90 percent (90%) from the first half of 2019.[6]

23.     Despite The Hartford's growth in 2020 and its policyholders' dramatic decrease in insured business operations caused by the COVID-19 pandemic, The Hartford refuses to: a) reduce premiums fairly; or b) refund the excess premium reflecting the absent or decreased insured risks. Simply stated, the premiums charged for property and casualty policies are based on the considered risks associated with the type, volume, and location of insured business operations. California public policy and practice limits an insurer to a fair rate of return – not an excessive, unjustified rate of return. Yet, while Covid-19 wreaked its continuing toll on collective health, business, and society, The Hartford chose a windfall of excessive premiums over fairness mandated by California public policy.

24.     The Hartford's conduct of collecting excessive premiums in excess of a fair rate of return violates California's laws against unfair business practices under section 17200 of the Business and Professions Code. Plaintiff seeks to restore excessive, unfair premiums (and the earnings thereon), through disgorgement, restitution and a constructive trust, and enjoin The Hartford from continuing to charge and retain excessive, unfair premiums.

/ / /

---

[5] "The Hartford Announces Second Quarter 2020 Financial Results," July 30, 2020. https://newsroom.thehartford.com/newsroom-home/news-releases/news-releases-details/2020/The-Hartford-Announces-Second-Quarter-2020-Financial-Results/default.aspx_____

[6] "Quarterly Statement as of June 30, 2020 of the Condition and Affairs of the Sentinel Insurance Company, Ltd.," https://s24.q4cdn.com/787643700/files/doc_downloads/Statutory/Pool/2020/q2/2Q20-Sentinel-Insurance-Company-Ltd.pdf.

**CLASS ALLEGATIONS**

25.    *Class Definition*: Plaintiff brings this suit as a class action under section 17203 of the Business & Professions Code and section 382 of the Code of Civil Procedure on behalf of itself and all other similarly situated persons as a member of a Class defined as follows: All persons who paid insurance premiums to The Hartford for property and casualty insurance policies, covering any period from March 16, 2020, through the present, whose business operations were substantially reduced or eliminated due to the COVID-19 pandemic.

26.    *Numerosity*: The proposed Class is sufficiently numerous in that The Hartford insures numerous businesses in California. Class members are so numerous and are dispersed throughout California that joinder of all Class members is impracticable. Class members can be readily identified by, *inter alia*, records maintained by the Defendants.

27.    *Common Questions of Fact and Law*: Common questions of fact and law exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of fact and law that predominate over any individual issues are:

   a.    Whether Defendants' practice of charging and retaining excess premiums during the COVID-19 pandemic was "unfair" within the meaning of section 17200 of the Business and Professions Code; and

   b.    Whether Class members lost money or property as a result of Defendants' unfair business practice in violation of section 17200 of the Business and Professions Code.

   c.    Whether the members of the Class paid excessive premiums to Defendants;

   d.    Whether Defendants failed to properly calculate or recalculate premiums to take into account the substantial reduction in insured activity and Defendants' risk during the COVID-19 pandemic;

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

BERDING & WEIL LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

e.  Whether the members of the Class are entitled to recover the premiums paid in excess of the amounts allowed by California public policy given the reduction of insured activity and/or risk, plus interest;

f.  Whether Defendants should be enjoined from continuing to charge, receive, and retain payment of excess premiums, and if so, the nature, type, and extent of such injunction;

g.  Whether Defendants should disgorge the profits from their investment of charged and retained excess premiums; and

h.  The appropriate nature of and procedure for providing class-wide relief.

28.    *Typicality of Claims:* Plaintiff's claims are typical of the claims of the Class. Plaintiff, like other Class members, has been assessed and/or has paid premiums that exceed the Defendant insurers' fair return for the risk taken. Plaintiff's claims therefore arise from a common course of conduct by Defendants and are based on the same legal theories. Proof of a common or single state of facts will establish the right of each member of the Class to judgment because Defendants' ongoing practice violates California law and public policy, as stated herein, and will be applicable to all members of the Class. Moreover, the injunction proscribing Defendants' practice will benefit all members equally. Upon application by Plaintiff's counsel for certification of the class, as and where necessary as to the following causes of action, the Court may be requested to also incorporate subclasses in the interests of justice and judicial economy.

29.    *Adequacy of Representation*: Plaintiff is an aggrieved representative of the class parties who will fully and adequately protect the interests of the Class members and has retained experienced and competent class counsel who have familiarity in litigating complex class action lawsuits and claims. Plaintiff has no interest contrary to or in conflict with that of the Class it seeks to represent. The interests of the Class will thus be fairly and adequately protected by Plaintiff and

1   Plaintiff's counsel.

2       30.    The number and identity of the members of the Class, and the precise

3   amount of unfair premiums paid by each of them, are unknown at the present time,

4   but are readily determinable from the billing records of Defendant. Such records

5   will permit Class members to be easily identified and, if appropriate, notified of the

6   pendency of this action through mail, and/or through internet and print

7   publications.

8       31.    S*uperiority*: A class action is superior to other available means for the

9   fair and efficient adjudication of this controversy since individual joinder of all

10  members of the class is clearly impractical. Class action treatment will permit a

11  large number of similarly situated persons to prosecute their common claims in a

12  single forum simultaneously, efficiently, and without the necessary duplication of

13  effort and expense that numerous individuals claim filings and actions would

14  engender. Furthermore, given that the restitution amount suffered and/or demanded

15  by each individual member of the class may be relatively small, the expenses and

16  burden of individual litigation would make it difficult or impossible for individual

17  members of the class to redress the wrongs done to them. Moreover, individualized

18  claims and litigation would present the potential for inconsistent or contradictory

19  outcomes. The class action device presents fewer management difficulties,

20  requiring only a single adjudication of the complex legal and factual issues in this

21  dispute, thereby providing the benefits of economy of scale and comprehensive

22  supervision by a single court.

23      32.    Plaintiff and Plaintiff's counsel know of no difficulty to be

24  encountered in the management of this action that would preclude its maintenance

25  as a class action. A class action would be superior to other methods for fair and

26  efficient adjudication of this controversy. Accordingly, relief concerning Plaintiff's

27  rights and certification of class would be appropriate under Fed. R. Civ. P.

28  23(b)(1), (2) and/or (3).

# FIRST CAUSE OF ACTION

## (Unjust Enrichment/Restitution)

33.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs as if set forth herein.

34.     Plaintiff and the Class purchased business risk insurance packages from The Hartford, including Comprehensive General Liability coverage, covering risks faced by Plaintiff's business operations at various locations.

35.     Plaintiff and the Class submitted insurance applications describing, among other things, their business operations, revenue, and other details to enable The Hartford to evaluate the risk of covering Plaintiff and Class member's respective business operations and set a premium allowing a fair rate of return as authorized under California public policy. Plaintiff and Class members also agreed to subject their businesses to audits and verify the accuracy of representations regarding the type, volume and location of insured business operations.

36.     Plaintiff is informed and believes and thereupon states that Sentinel, beholden to and controlled by its parent corporation, turned over all or some of the premiums collected from Plaintiff and Class members to The Hartford.

37.     As a result of the COVID-19 pandemic, the insured business operations of Plaintiff and the Class have decreased dramatically, but The Hartford has continued to charge and collect excessive, unfair premiums and has failed and refused to voluntarily return the excessive, unfair premiums.

38.     Defendants' collection and refusal to refund the excessive, unfair premiums has unjustly enriched both of them and Plaintiff and Class members are entitled to restitution of such excessive, unfair premiums and the Defendants' investment returns on those excessive, unfair premiums. Further, Plaintiff and the Class request a constructive trust on those excessive, unfair premiums (and Defendants' gains on those funds) and an award of their attorney's fees and costs incurred for this matter.

1

2

## SECOND CAUSE OF ACTION

**(Violation of Business and Professions Code § 17200, et seq. )**

3     39.     Plaintiff realleges and incorporates by reference all of the foregoing

4     paragraphs as if set forth herein.

5     40.     Defendants provided commercial property and casualty policies to

6     Plaintiff and Class members, insuring against certain risks, most of which were

7     related to the use of their respective commercial premises. Consistent with

8     California public policy, Defendants initially charged premiums that covered the

9     risk and presumably included a fair rate of return for the risk insured.

10     41.     Beginning in mid-March 2020, California governing authorities issued

11     a series of shelter-in-place orders preventing and/or significantly reducing the

12     ability of Plaintiff and Class members, through no fault of their own, to operate

13     their respective businesses and/or conduct business at their respective insured

14     commercial premises. After the shelter-in-place orders, the risk insured by

15     Defendants was eliminated and/or substantially reduced. Nevertheless, despite the

16     complete elimination or substantial reduction in the insured risk, Defendants

17     continued to charge and/or did not refund premiums that were calculated based on

18     the pre-pandemic business operations and use of the insured premises. This has

19     resulted in Defendants charging, receiving, and retaining substantial excessive,

20     unfair premiums in violation of California public policy.

21     42.     California has a long-standing public policy limiting an insurer's

22     ability to impose rates in excess of a fair rate of return on the insured risk, reflected

23     in various statutes and regulations. In fact, in some instances, California law

24     requires insurers to periodically show the Commissioner of Insurance that the rates

25     do not exceed a fair rate of return on the insured risk.

26     43.     Defendants' conduct in charging and retaining premiums for a risk that

27     no longer exists, or has been substantially reduced, violates this vital public policy

28     and the intent of the statutes and regulations designed to ensure that the rates

charged by insurers relate to the risk insured and are limited to a fair rate of return on insuring that risk. The inability to conduct business operations due to a pandemic was not one of the factors or risks used by Defendants to calculate insurance rates or premiums. A windfall accrues to Defendants in collecting or retaining premiums for a nonexistent or substantially reduced risk. The harm to Plaintiff and the Class substantially outweighs any the benefit or utility of Defendants' unfair business practice of collecting excessive, unfair premiums.

44.     Plaintiff and Class members have no adequate remedy at law.

45.     As a result of the Defendants' unfair business practices, Plaintiff and Class members have lost money or property and suffered injury in fact. For example, Plaintiff pays more than $10,000 in annual premiums to The Hartford based on Plaintiff's Pre-COVID-19 business operations. After the substantial reduction or elimination of the insured risks, Defendants continue to hold and charge excessive, unfair premiums rightfully belonging to Plaintiff (and the Class).

46.     Such conduct is ongoing and continues to this date. The various health orders continue to be reissued and revised with no certain date when they will be lifted. Moreover, the general fear caused by the pandemic has also reduced business operations as employees are furloughed or work from home and customers choose to forego goods and services due to the uncertainty. Plaintiff and Class members have been damaged by the Defendants' unfair business practices and are entitled to the relief described below, including the restoration of excessive, unfair premiums charged in violation of California public policy.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests of this Court the following relief on behalf of itself and all others similarly situated in California:

A.     An order certifying the proposed Class under section 382 of the Civil Procedure Code and section 1781 of the Civil Code, and appointing Plaintiff and its counsel of record to represent the Class;

BERDING & WEIL LLP
2175 N California Blvd. Suite 500
Walnut Creek, California 94596

-14-
COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION

1      B.    An order declaring that Defendants violated the legal rights of Plaintiff

2 and Class members, as described herein;

3      C.    An order and judgment that the Defendants be preliminarily and

4 permanently enjoined from charging premiums in excess of a fair rate of return

5 based on pre-COVID-19, Shelter-in-Place rate calculations under section 17203 of

6 the Business and Professions Code and the equitable powers of this Court;

7      D.    An order and judgment that the Defendants restore to Plaintiff and the

8 Class all funds acquired by means of any act or practice declared by this Court to

9 be unfair under Business and Professions Code section 17200 et seq. under section

10 17203 of the Business and Professions Code and the equitable powers of this Court,

11 including restitution for unjust enrichment;

12      E.    For an order and judgment under the court's equitable powers for

13 disgorgement, restitution and a constructive trust as to the excessive, unfair

14 premiums acquired from Plaintiff and the Class along with any economic gains

15 Defendants derived from investing those excessive, unfair premiums;

16      F.    For attorneys' fees and costs under section 1021.5 of the Code of Civil

17 Procedure;

18      G.    For pre-judgment interest;

19      H.    Attorneys' fees and costs of suit, including expert witness fees; and

20      I.    Such other and further legal and equitable relief as this Court may

21 deem proper.

## JURY DEMAND

23     Plaintiff demands a trial by jury for all issues so triable under the law.

Date: September 29, 2020        **BERDING & WEIL LLP**

By: _____
          Fredrick A. Hagen
          Attorneys for Plaintiff
          Rejoice! Coffee Company, LLC

BERDING & WEIL LLP
2175 N California Blvd. Suite 500
Walnut Creek, California 94596

-15-

COMPLAINT FOR RESTITUTION (UNJUST ENRICHMENT) AND UNFAIR COMPETITION